Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000011
16-MAY-2017
10:48 AM

NO. CAAP-17-0000011

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MIKE YELLEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTI-16-016502)

ORDER GRANTING APRIL 7, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's (Appellee State) April 7, 2017 motion to dismiss Defendant-Appellant Michael Yellen's (Appellant Yellen), pro se, appeal from the Honorable Margaret K. Masunaga's December 3, 2016 judgment in district court case number 3DTI-16-016502 for the offense of noncompliance with the speed limit in violation of HRS § 291C-102 (2007), (2) the lack of any memorandum by Appellant Yellen in response to Appellee State's April 7, 2017 motion, and (3) the record, it appears that Appellant Yellen's appeal is

untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP), and, thus, we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-1(a) (2016).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). In its motion to dismiss, the State contends Yellen has no right to appeal the judgment on his speeding citation. We need not address this issue because regardless of Yellen's right to appeal, his notice of appeal was filed more than thirty days after the district court's December 3, 2016 judgment.

The thirtieth calendar day after December 3, 2016, was Monday, January 2, 2017, which was a holiday, and, thus, HRAP Rule 26(a) automatically extended the thirty-day time period under HRAP Rule 4(a)(1) until Tuesday, January 3, 2017. Appellant Yellen did not file his notice of appeal until January 9, 2017.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that Appellee State's April 7, 2017 motion to dismiss appellate court case number CAAP-17-0000011 is granted for the reasons set forth herein, and appellate court case number CAAP-17-0000011 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2017.

Presiding Judge

Associate Judge

Associate Judge